OPINION OF THE COURT
Ira H. Wexner, J.
Defendant Barry Ryan, one of the first persons in Nassau County to participate in the Electronic Home Detention Program as a condition of a sentence of probation, was charged *344 with violations of probation for failure to abide by the requirements of the program. The District Attorney alleged that two violations occurred on November 14, 1986 and one on November 18, 1986 during the early hours of the morning. The defendant made a motion to dismiss the charges.
After a hearing held pursuant to CPL 410.70, it was determined that defendant had violated probation. The sentence of probation was revoked and a sentence of incarceration was imposed in its stead.
Defendant was originally charged with committing grand larceny in the third degree, a violation of Penal Law § 155.30, a class E felony.
On September 11, 1986, defendant pleaded guilty to a violation of Penal Law §§ 110.00 and 155.25, attempted petit larceny, a class B misdemeanor.
Defendant was sentenced on October 23, 1986 to one-year probation and was directed to receive therapy and attend the Alliance Counseling Center for evaluation. The defendant consented that as a special condition of probation, he would take part in the Electronic Home Detention Program for 90 days.
The Electronic Home Detention Program (hereinafter referred to as EHDP) was initiated in Nassau County in September 1986 and Barry Ryan was one of the first defendants to be sentenced under it.
The EHDP was designed to be an alternative to incarceration for those deemed eligible to receive an alternative sentence. Basically, it is a monitoring system that informs the Probation Department whether the defendant is at home or not.
Included in the terms of defendant Ryan’s participation in the EHDP was the requirement that he be confined to an area within 100 feet of his home at all times for a 90-day period, with the exception of being allowed to leave his residence at designated times to go to his job, to attend therapy sessions and to appear for appointments with his probation officer. He could properly leave his home on weekdays at 6:35 a.m. On Thursday evenings, he had to return home by 8:45 p.m. and on the other four weeknights he had to come home by 7:30 p.m. On Saturdays, Ryan could leave home at 5:30 a.m. and was required to be home by 2:30 p.m. Ryan was not permitted to leave his home at any time on Sundays.
Testimony was offered at the violation of probation hearing *345 concerning the operation and mechanics of the EHDP. It is comprised of a computer controlled electronic signaling system that is intended to afford continuous monitoring of a defendant’s presence in or absence from his residence during the term of a probation sentence.
The monitoring mechanism consists of a battery-powered transmitter that is securely attached to the probationer’s ankle. It transmits a signal within a certain area. A receiver is installed in the probationer’s home, plugged into the AC current and is also battery backed-up. This unit receives a signal from the probationer’s transmitter. As long as the defendant is within the permitted radius of the receiver, the system is passive. If the probationer moves beyond that distance or the signal is blocked in any way, the receiver will make several attempts to obtain the signal.
In the event a signal is not received, then the receiver initiates a call from the probationer’s home over existing telephone lines to a computer located at the Nassau County Probation Department. The computer, also battery backed-up, then logs the date and exact time that the first signal was absent from the defendant’s transmitter. When the receiver obtains a signal from the transmitter indicating that the defendant is again within the permitted radius, another call is made to the Probation Department computer indicating the time that the signal resumed. This is meant to notify probation officers that the defendant has committed a violation.
The EHDP is designed so that on every occasion in which the defendant leaves the restricted area, in Ryan’s case, 100 feet, and each time he returns to it, the exact times of his movements are recorded by the computer on a printout sheet. The printout states "Valid” when the probationer’s entry into or exit from the restricted area is made during an authorized time. When entry into or departure from the restricted area is made at a time when defendant is required to remain at home, the computer printout states "Violation”.
Upon being sentenced to the EHDP, Ryan had a nonremovable electronic transmitter attached to his ankle to monitor his movements and a receiver was placed in his home.
A violation of probation hearing was held on December 10 and December 11, 1986. The defendant did not testify at the hearing.
Pursuant to People v Tyrrell (101 AD2d 946): "A hearing on a probation violation is a summary, informal procedure which *346 does not require strict adherence to the rules of evidence; statutory and due process requirements are met so long as defendant is given formal notice of the charges and an opportunity to be heard and to confront the witnesses against him through cross-examination” (CPL 410.70 [3]; People v Oskroba, 305 NY 113, 117; People v Compton, 42 AD2d 201; cf. People v Crandall, 51 AD2d 841).
Donald Richtberg, a probation officer training specialist and Nassau County Coordinator of the EHDP, testified as a witness for the People. He said that he traveled to West Palm Beach, Florida, in January and February 1986 and received four days of training and instruction from the manufacturer of the electronic home detention system. In August 1986, Mr. Richtberg met with a representative of the manufacturer for three days of additional training. Since August 1986, he has had daily experience with the equipment comprising the system. He testified that he knows how to install and operate the system and has received instruction in testing the system.
He explained that the system consists of a transmitter, monitor and computer. The actual transmitter and monitor used in connection with defendant Ryan’s probation were admitted in evidence.
Probation Officer Richtberg said that he monitors the operation of the EHDP and there were no indications of abnormalities in the functioning of the computer printouts on November 14 or November 18, 1986, the dates of the alleged violations.
Margaret Skelly, a probation officer with SV2 years’ experience and who is a probation supervisor, also testified as a prosecution witness.
She stated that shortly after Ryan was sentenced, she met with him at the probation office and they discussed the terms and conditions of defendant’s probation. Skelly stated that she read the conditions to Ryan, asked if he understood them and he answered affirmatively. In particular, they talked about the special condition of the Electronic Home Detention Program feature of defendant’s probation. Skelly stated that she reviewed the program with defendant and Ryan said he understood it.
Defendant signed a document, which was admitted in evidence, indicating that he understood the probation conditions and agreed to abide by them.
Probation Officer Skelly testified that the Probation Department computer registered violations of the EHDP by Ryan. *347 The computer readout specified that in three instances defendant had improperly left the restricted area at a time when he was supposed to have been confined to his home. These incidents occurred on Friday, November 14, 1986, at 2:19 a.m. and again at 4:44 a.m. and on Tuesday, November 18, 1986, at 3:16 a.m.
Ms. Skelly testified that during a meeting with Ryan on November 20, 1986, she asked him about the violations noted on the computer printouts and he admitted he had left his home at those dates and times to visit his girlfriend on Henry Street, Hempstead, about one-quarter mile from his house, a distance beyond the permissible 100 feet. According to Ms. Skelly, this admission by Ryan was also made in the presence of Probation Officer Nancy Pattitucci. During the meeting, the defendant was not handcuffed or threatened and no promise of leniency was made to him.
In connection with the foregoing testimony, the People had admitted in evidence Probation Officer Skelly’s departmental notes regarding Ryan’s claimed violations of the EHDP.
Probation Officer Nancy Pattitucci, supervisor of the Nassau County EHDP, also testified for the People. She has three years of experience in the Probation Department. She said that she received six days of training in reference to electronic home detention and she reviewed the over-all operation of the EHDP.
Ms. Pattitucci stated that she had had a meeting with Ryan at which time the conditions and particular restrictions that would be imposed on him pursuant to the EHDP were explained. She said the defendant stated that he understood the conditions and terms of the program. Ryan also told her that he understood how the apparatus attached to his ankle would work. It was explained to Ryan that if he went outside the permissible 100-foot area at an unauthorized time, a message would be received by the Probation Department computer and that it could read as a "violation”.
Probation Officer Pattitucci’s testimony was compatible with that given by Ms. Skelly on the subject of the times and dates it was alleged that Ryan violated the rules of the EHDP. The Probation Department printouts indicating two "violations” by Ryan on November 14, 1986 at 2:19 a.m. and 4:44 a.m. and a third "violation” by Ryan on November 18, 1986 at 3:16 a.m. were admitted in evidence. Ms. Pattitucci testified that the Probation Department did not grant defendant permission to *348 leave his home at the aforestated dates and times. Further, there was nothing to indicate that the equipment and machinery comprising the EHDP was malfunctioning during the periods under examination.
Ms. Pattitucci said that she had a meeting with Ryan on November 20, 1986 and asked him about the three "violations” designated in the computer printouts. Again, her statements were compatible with the testimony of Probation Officer Skelly.
Upon Ryan’s being questioned about his whereabouts on three occasions that the computer registered "violations”, Ms. Pattitucci testified that defendant admitted that he had left his house to visit his girlfriend on Henry Street, Hempstead, located about one-quarter mile from his residence. Ryan left his house, returned and then left and returned again on November 14, 1986, all during the early morning hours. Ms. Pattitucci stated that Ryan further admitted that on November 18, 1986, he also left his house and returned to it during the early morning hours, also for the purpose of visiting his girlfriend on Henry Street. The witness stated that at the time Ryan made these declarations, he was not handcuffed and no threats or promises were made to him.
Sworn statements made on November 20, 1986 by Nancy Pattitucci setting forth that the probationer had admitted that he left his home to be with his girlfriend at the aforestated times were also admitted in evidence. Those statements were written on the bottom portion of the Probation Department’s computer printouts.
Ms. Pattitucci said that she checks the operations of the computer twice daily to verify its proper functioning. A daily logbook of every test performed on the computer is maintained by the Probation Department. She said that the monitor part of the system communicates with the computer using a binary computer language and the computer translates the message into English on a printout. She said she is able to translate the binary language into English. Every time the computer receives a message there is a printout. The system is structured so that if either the telephone in the probationer’s house is not in operation or the monitor or transmitter are not working, the computer will give a message that there is a malfunction. Ms. Pattitucci said that during the month of November 1986, no malfunction messages concerning any equipment were received.
*349 Upon evaluating the testimony of the three probation officers, reviewing the documents, exhibits and other credible evidence adduced at the hearing, the court finds that the People have clearly met their burden of proving by a preponderance of the evidence that Barry Ryan violated the special condition of his probation by virtue of his having gone beyond the restricted area of the Electronic Home Detention Program at unauthorized times, as charged. This happened twice on November 14, 1986 and once on November 18, 1986. This transpired after the specific conditions of electronic home detention had been explained to defendant in detail by the Probation Department and Ryan agreed to adhere to them. The testimony concerning defendant’s admissions of probation violations was unrefuted. There was no satisfactory explanation given by the defendant to the probation officers to dispute the computer registration of "violations”.
The People’s witnesses gave an adequate explanation of the operation of the components constituting the EHDP. The court is satisfied in this case with the testimony offered as to the procedures followed by the Probation Department regarding the accuracy of the equipment and its testing. The court accepts the People’s testimony indicating that the computer and other equipment utilized in the program functioned properly during the periods in question.
Notwithstanding, more in-depth scientific and technical testimony may be necessary in a case where a defendant charged with a violation of the EHDP has not made an admission or in an instance where there is an issue of credibility pertaining to a claimed admission.
Accordingly, defendant Barry Ryan is hereby found guilty of violating probation. The defendant’s motion to dismiss the violation of probation charges is denied. Defendant’s sentence of probation is revoked, he is discharged from probation and sentenced to serve a 90-day jail term at the Nassau County Correctional Center.