Chief Judge Kaye
(dissenting). Convicted for the third time of the felony of driving while intoxicated (Vehicle and Traffic Law § 1192), defendant — an admitted alcoholic — received a sentence of five years’ probation, the first six months of which were to be served in jail, followed by a one-year period of electronic home monitoring. Because we conclude that the electronic monitoring imposed was well within the sentencing court’s statutory discretion under Penal Law § 65.10, we respectfully dissent.
Penal Law § 65.10 (1) states as a general proposition that conditions of probation "shall be such as the court, in its discretion, deems reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him to do so” (Penal Law § 65.10 [1]). Implicit in this language are two important principles. First, as we recently observed in People v Letter-lough (86 NY2d 259), a condition of probation must be primarily rehabilitative in nature — intended to assist a defendant in resisting the temptation to commit a crime once again. The second important principle, also derived directly from the language of the statute, is that the decision as to which combination of conditions to impose on a particular defendant is a matter of the sentencing court’s sound discretion.
In accordance with these explicit statutory principles, Penal Law § 65.10 (2) lists a dozen or so different types of conduct which a court may order a defendant to perform or to refrain from doing as a condition of its sentence of probation. These include refraining from frequenting disreputable places, finding suitable employment, participating in an alcohol or substance abuse program, supporting dependents and making restitution (Penal Law § 65.10 [2] [b], [c], [e], [f], [g]). Recognizing, however, that none of these conditions — alone or in combination — is likely to do much good if ignored or evaded, the statute goes on to prescribe a variety of supervisory mechanisms that can be imposed in addition to the other conditions in an effort to insure compliance — for example, by having *778 a defendant report regularly to a probation officer or remain within the jurisdiction (Penal Law § 65.10 [3] [a], [b]).
That the above measures were not intended to be exclusive, but merely illustrative, is made pellucidly clear by Penal Law § 65.10 (2) (l), which permits courts to impose "any other conditions reasonably related to * * * rehabilitation.” (Emphasis added.)
Plainly, the purpose of this broad catch-all provision is to provide sentencing Judges with flexibility to fashion additional conditions — not expressly listed in the statute — based on the particular rehabilitative needs and circumstances of the defendants before them. "In sentencing a defendant to probation, the court has open-ended authority under Penal Law § 65.10 (2) (l) to impose conditions which are 'reasonably related to [defendant’s] rehabilitation’ ” (People v Howland, 145 AD2d 866, 867). By reversing the order of the Appellate Division, the majority has, for all practical purposes, eliminated this flexibility and discretion.
Believing itself constrained by our recent decision in People v Letterlough (86 NY2d 259), the majority concludes that the one-year electronic monitoring program imposed here exceeded the bounds of the court’s discretion under Penal Law 65.10 (2) (l). As the majority asserts: "Analysis of the issue * * * whether electronic monitoring is a statutorily authorized condition of probation * * * begins and ends with People v Letter-lough” (majority opn, at 774). This simply is not so.
Letterlough, decided only last year, deals with the different and far more draconian sanction of requiring a defendant to attach to the license plate of his car a large sign with fluorescent lettering reading "convicted dwi.” In vacating defendant’s plea in that case, we noted that the court’s "true design” in imposing the "convicted dwi" sign as a condition of probation was not to rehabilitate defendant, but instead to punish and humiliate him by publicly disclosing the fact of his crime (86 NY2d at 266). Given this motive and noting that the "convicted dwi” sign "is out of step with the various other devices specifically authorized [in the statute],” we concluded that the "punitive and deterrent nature of the disputed 'scarlet letter’ component of the ['convicted dwi’ sign] overshadows any possible rehabilitative potential” (id.).
The general rule to be drawn from Letterlough is that a court may not create its own probationary condition which is predominantly punitive in the sense that its punitive elements *779 overshadow its rehabilitative components. Conditions that are not primarily punitive in nature, however, are still authorized by the language of Penal Law § 65.10 (2) (l) and Letterlough does not diminish their availability or lawfulness.
It is beyond question that no such predominantly punitive condition is present here. The electronic monitoring device at issue was part of an integrated rehabilitative plan requiring defendant to abstain from purchasing or drinking alcohol, attend an accredited alcohol treatment program and avoid places associated with alcohol consumption such as a bar, tavern or liquor store. Utilized in conjunction with these conditions, the electronic monitoring was designed to allow defendant to remain in the privacy of his own home with his family — instead of in prison — while learning to control himself in the presence of alcohol (see, e.g., Burns, Electronic Home Detention: New Sentencing Alternative Demands Uniform Standards, 18 J Con-temp L 75, 89-90 [1992]).
In sharp contrast to the fluorescent license plate sign, the only physical manifestation of the electronic monitoring is a small bracelet around defendant’s ankle or wrist which sends an electronic signal notifying the Probation Department when he leaves his home without authorization (see, People v Ryan, 134 Misc 2d 343, 344-345 [describing Nassau County Electronic Home Detention Program]). By ordering defendant to wear such a device, the trial court clearly did not intend to humiliate him publicly. Nor is the electronic monitoring likely to "negate any positive effect derived from the imposition of [the] other therapeutic conditions” imposed to treat his addiction (Letterlough, 86 NY2d at 266). In fact, while noting that it would otherwise have imposed a prison sentence of up to four years in light of defendant’s recidivism, the court explained at defendant’s sentencing that only through electronic monitoring could it "have some reasonable assurance that you’re going to comply with treatment, that you’re going to recognize that you can’t do this any more.”
Moreover, unlike the "convicted dwi” sign at issue in Letterlough, the electronic monitoring device used here is not different in kind from the remaining devices listed in Penal Law § 65.10 (see, Letterlough, 86 NY2d at 266). Like several of the conditions already authorized, such as reporting to a probation officer (Penal Law § 65.10 [3] [a]), not leaving the jurisdiction (see, Penal Law § 65.10 [3] [b]) and posting a bond (Penal Law § 65.10 [2] [j]), electronic monitoring simply insures that defendant complies with the other specified conditions by keeping the Probation Department informed about his whereabouts.
*780 Even more troubling, however, is the majority’s expansive reading of Letterlough beyond its legal and factual particulars. Ignoring that Letterlough actually involved a highly unusual, "scarlet letter”-type probationary condition, the majority reasons that the only conditions that are acceptable under Letterlough are those that are exclusively — not merely primarily — rehabilitative. But as this Court in Letterlough readily conceded, many if not most of the probationary sentences already authorized by Penal Law § 65.10, such as requiring a probationer to make restitution or refrain from frequenting disreputable places, though unquestionably rehabilitative, have some "punitive and deterrent effects” as well (86 NY2d at 264-265). Thus, Letterlough cannot fairly be read to stand for the proposition that a probationary condition not mentioned in Penal Law § 65.10 is prohibited simply by virtue of the fact that it also serves as a punishment or specific deterrent.
As noted above, Penal Law § 65.10 (1) begins with the direction that the conditions of probation "shall be such as the court, in its discretion, deems reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him to do so.” This language reflects the Legislature’s commonsense understanding that without the aid of additional conditions to insure compliance with the court’s order, attempts at rehabilitation are likely to be for naught. Boiled down to its essential features, a fluorescent license plate sign reading "convicted dwi" is by no means "remarkably similar” (majority opn, at 775) to an unobtrusive electronic bracelet worn under defendant’s clothing mainly in his own home, which was intended to assist defendant in his efforts at rehabilitation. By concluding that Letterlough prohibited the trial court’s imposition of electronic monitoring in this case, the majority has effectively written the broad catch-all provision out of the statute. The argument that electronic monitoring could not be imposed without comprehensive legislative authorization (see, majority opn, at 776) belies not only what appears to be common practice throughout this State (see, People v Johnson, 187 AD2d 532; People v Ryan, supra), but also the language of Penal Law § 65.10 itself. The unfortunate consequence will be to deprive Judges of the discretion to fashion sentencing alternatives other than those explicitly mentioned in the statute — a discretion which the Legislature clearly intended sentencing courts to have.
Judges Simons, Titone and Smith concur with Judge Ciparick; Chief Judge Kaye dissents and votes to affirm in a separate opinion in which Judges Bellacosa and Levine concur.
*781 Order reversed, defendant’s plea vacated and case remitted to County Court, Dutchess County, for further proceedings in accordance with the opinion herein.